**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>           Plaintiff,         )    **CRIMINAL ACTION**<br>                              )<br>v.                            )    No.  04-10133-01<br>                              )<br>MARK E. MILLER,               )<br>                              )<br>           Defendant.         )<br>_____) | |

**MEMORANDUM AND ORDER**

Amended Motion for New Trial

After hearing the testimony of witnesses called by defendant, the statements and arguments of counsel and reviewing defendant's amended motion for new trial (Doc. 30), the court overrules the motion.  The court finds that defendant has completely failed to make the five part showing required for a motion for new trial based on newly discovered evidence.  United States v. Combs, 267 F.3d 1167, 1176 (10th Cir. 2001), with the possible exception that the "evidence" was discovered after trial.  What was discovered after trial by the public defender's investigator was a statement or statements by members of defendant's family to the effect that Toneisha Friday supposedly stated that police officers threatened to take her baby if she did not testify for the government against defendant.  The court credits Ms. Friday's testimony at trial and again at the hearing which does not support defendant's family members' affidavits and the testimony of Nicollette Miller.  Even if the court was inclined to credit Ms. Miller's testimony, at best it would be impeaching as to Friday's testimony and perhaps the

testimony of unnamed officers.  As presented, however, Ms. Miller's testimony is so larded with hearsay that it is entitled to no weight.  The court expressly finds that the new "evidence" is not of such a nature that in a new trial, it would probably produce an acquittal.

Fed. R. Crim. P. 32(i)(3)(B)

The government's objection is overruled for reasons stated in open court.  If the government believes that defendant committed perjury at trial, it is free to seek an indictment.

Defendant's objection number 1 is sustained.

Defendant's request for a downward departure based upon over representation of defendant's criminal history is overruled.  The mere fact that defendant's criminal history is made up of multiple misdemeanor convictions is not persuasive.

IT IS SO ORDERED.

Dated this ___28th___ day of June 2005, at Wichita, Kansas.

>
> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE